**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kasey Weiser<br>900 N. Elmer Ave., Apt. #716<br>Sayre, PA 18840<br><br>Plaintiff,<br><br>v.<br><br>The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, a Utah Corporation *et al*.<br><br>Defendants. | Civil Action No. |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole f/k/a The Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-day Saints ("***Church Corporation***"), removes this action originally filed in the Court of Common Pleas of Dauphin County, Pennsylvania (the "***State Action***"), to the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441, 28 U.S.C. § 1446 and states as follows:

**I. BACKGROUND**

1. On July 31, 2026, Plaintiff Kasey Weiser, filed a Summons and Complaint (the "***Complaint***") against the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints ("***CPB***") and the Harrisburg Pennsylvania Stake of the Church of Jesus Christ of Latter-day Saints ("***Harrisburg PA Stake***"). A true and correct copy of Plaintiff's Summons and Complaint is attached as Exhibit A.

2. Plaintiff served the Complaint on the Church Corporation on or about August 10, 2026. No certificate of service has been filed in the State Action.

3. In the Complaint, Plaintiff alleges claims for (i) negligence; and (ii) negligent hiring, retention and supervision.

## II. TIMELINESS OF REMOVAL

4. This Notice of Removal is timely because it is filed within 30 days of service on the Church Corporation. *See* 28 U.S.C. § 1446(b)(1).

## III. SUBJECT MATTER JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest. *See* 28 U.S.C. § 1332(a).

6. Venue is proper in this Court because the United States District Court for the Middle District of Pennsylvania is the district embracing the state where the State Court Action is pending. *See* 28 U.S.C. § 1441(a).

### A. Diversity Jurisdiction

7. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because complete diversity of citizenship exists between Plaintiff and the Church Corporation. *See* 28 U.S.C. § 1332(a)(1).

8. "Diversity is to be determined at the time the complaint is filed." *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.4 (3d Cir. 2008) (citing *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 414 n.2 (3d Cir. 1999)).

9. Plaintiff alleges she is presently a resident of the Commonwealth of Pennsylvania. Compl. ¶ 2.

10. For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile. *Freidrich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014) (citation omitted).

11. A person's domicile is defined as the place in which the party has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *Id.*

12. Because Plaintiff is physically present in and a resident of Pennsylvania, Plaintiff's domicile is Pennsylvania. Plaintiff is therefore a citizen of Pennsylvania for purposes of federal diversity jurisdiction.

13. A corporation is a citizen of its state of incorporation and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

14. A corporation's "principal place of business" refers to the place where its officers direct, control, and coordinate the corporation's activities—the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

15. The Church Corporation is the successor to the named defendant, CPB. *See* Declaration of Braley P. Wood ("***Wood Decl.***") at ¶ 10, attached as Exhibit B.

16. The Church Corporation is a Utah corporation and its principal place of business is located in Salt Lake City, Utah. *See id.* at ¶¶ 1, 5.

17. The Church Corporation is therefore a citizen of Utah.

18. An unincorporated division of a corporation is not an independent entity for diversity purposes and shares the citizenship of its parent corporation. *See, e.g., Quaker State Dyeing & Finishing Co. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1142 (3d Cir. 1972) (holding that a subsidiary corporation that is incorporated as a separate entity from its parent has its own principal place of business for diversity purposes); *Lewis v. Lycoming*, No. 11-6475, 2012 WL 2422451, at *5 (E.D. Pa. June 27, 2012) (citations omitted) (holding that "a corporation's

unincorporated division is not an independent entity for diversity purposes" and that "an unincorporated division has the same citizenship as the corporation of which it is a part"); *Bruesewitz v. Wyeth, Inc.*, No. 05-5994, 2006 WL 782437, at *9 (E.D. Pa. Mar. 27, 2006) (citations omitted) (holding that "a division of a corporation does not possess the formal separateness upon which the general rule is based, and thus is not an independent entity for jurisdictional purposes"); *Mears v. McNeil-PPC, Inc.*, No. 95-3820, 1995 WL 684862, at *1 (E.D. Pa. Nov. 15, 1995) (first citing *Schwartz v. Elec. Data Sys., Inc.*, 913 F.2d 279, 284 (6th Cir. 1990) and then citing *Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986)) (noting that "citizenship of a corporation for diversity purposes cannot be based upon the location of an unincorporated division of a company"); *Mount Olivet Tabernacle Church v. Emerson Elec. Co.*, No. 96-8529, 1997 WL 89118, at *1 n.1 (E.D. Pa. Feb. 26, 1997) (quoting *Breitman v. May Co. of California*, 37 F.3d 562, 564 (9th Cir. 1994)) (concluding the Wiegand Division, an unincorporated division of Emerson, was a citizen of Missouri (Emerson's home state) for diversity purposes, not of Pennsylvania where the division operated).

19. Local church stakes and wards are not independent entities for jurisdictional purposes but instead share the Church Corporation's Utah citizenship. *See, e.g., Roe JW 142 v. Church of Jesus Christ of Latter-Day Saints,* No. EDCV 24-2150-KK-SPx, 2024 WL 5182415, at *2 (C.D. Cal. Dec. 20, 2024) (holding that a California stake was "part of defendant LDS' network of churches and is subject to defendant LDS' control, which emanates from Salt Lake City," and therefore "is not an independent entity for jurisdictional purposes."); *Roe AJ 1 v. Church of Jesus Christ of Latter-Day Saints*, No. 2:24-cv-02990-DC-CSK, 2025 WL 268882, at *2–3 (E.D. Cal. Jan. 21, 2025) (holding that the Napa California Stake was controlled by the LDS Church "as one of its many places of worship" and is a citizen of Utah for purposes of

diversity jurisdiction); *Roe MG 60 v. Doe 1*, No. 24-cv-07666-RFL, 2025 WL 472291, at *1 (N.D. Cal. Feb. 11, 2025) (finding that the Antioch California Stake was not an independent legal entity, analogizing it to "a local store in a retail chain that may have its own management but is not financially independent").

20. The Harrisburg PA Stake does not exist as a separate entity from the Church Corporation.

21. The Harrisburg PA Stake is an ecclesiastical unit of the Church—it is not separately incorporated and has no legal existence apart from the Church Corporation. *See* Wood Decl. at ¶ 15.

22. The Harrisburg PA Stake is an organizational structure reflecting a group of 5 to 10 local congregations, called wards. *Id*. at ¶ 7.

23. It is not registered to do business in Pennsylvania or elsewhere, has no registered agent, and holds no assets of its own. *Id*. at ¶¶ 15, 20.

24. It cannot pay any judgment and does not have insurance. *Id*. at ¶ 20.

25. Donations received by local leaders are remitted to the Church Corporation, and the Harrisburg PA Stake's operations are funded by the Church Corporation. *Id*. at ¶ 21.

26. The meetinghouses where stake members worship, including the building located at 4788 Union Deposit Rd., Harrisburg, PA 17111, are owned by the Church Corporation, not the stake. *Id*. at ¶ 23.

27. Stakes and wards do not create themselves—Church leaders in Salt Lake City create them and appoint all local leadership. *Id*. at ¶ 24.

28. All policies, procedures, handbooks, lesson materials, and membership records come from and are maintained at Church headquarters in Salt Lake City. *Id*. at ¶ 18.

29. In short, the Harrisburg PA Stake is simply a geographic and administrative subdivision of the Church Corporation, not a distinct entity.

30. Accordingly, because the Harrisburg Stake is not a separate entity from the Church Corporation, its citizenship should not be considered for diversity purposes, and the only properly joined defendant, the Church Corporation, is a citizen of Utah.

**B. Amount in Controversy**

31. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

32. In the Middle District of Pennsylvania, where a claim for damages is not specific, a removing defendant needs only show by a preponderance of the evidence that $75,000 is in play. *Walls v. Repsol Oil & Gas USA, LLC*, No. 4:20-CV-00782, 2020 WL 5502151, at *2 (M.D. Pa. Sept. 11, 2020) (quoting *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88-89 (2014)) ("A defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.' If the plaintiff challenges removal, the court must evaluate whether the defendant has shown 'by the preponderance of the evidence that the amount in controversy exceeds' $75,000.")

33. Plaintiff's Complaint does not allege a specific number of damages or amount in controversy.

34. Plaintiff alleges the following regarding damages:

> As a direct and proximate result of the sexual abuse described herein, Ms. Weiser has suffered, and continues to suffer, severe and permanent physical, psychological, and emotional injuries.
>
> . . . .



DM1\302301889.3

> As a direct and proximate result of Defendants' negligence, Ms. Weiser was sexually abused by Statler and suffered the injuries and damages set forth above.
>
> . . . .
>
> WHEREFORE, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with interest, costs, and such other relief as the Court deems just and appropriate.
>
> . . . .
>
> As a direct and proximate result of Defendants' negligent hiring, retention, and/or supervision of Stalter, Ms. Weiser was sexually abused and suffered the injuries and damages set forth above.
>
> . . . .
>
> WHEREFORE, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with interest, costs, and such other relief as the Court deems just and appropriate.

*See* Compl. ¶¶ 31, 36, 40, Prayer for Relief.

35. Here, Plaintiff seeks compensatory damages, punitive damages, and all other relief as the Court deems appropriate.

36. Based on the timeline alleged in the Complaint, Plaintiff seeks damages that span nearly twenty (20) years, as well as losses that will continue into the indefinite future.

37. Upon information and belief, Plaintiff seeks compensatory damages in excess of $75,000, exclusive of interest and costs.

38. Accordingly, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## IV. <u>ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET</u>

39. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because complete diversity exists between Plaintiff and the Church Corporation, and the amount in controversy exceeds $75,000.

40. The Church Corporation is filing this Notice of Removal in the federal district court embracing the state court where the Complaint was filed. *See* 28 U.S.C. § 1441(a).

41. This Notice is timely filed and proper.

42. In accord with 28 U.S.C. § 1391, venue is proper in the United States District Court for the Middle District of Pennsylvania, as the Complaint in this action was filed in the Court of Common Pleas, Dauphin County, Pennsylvania.

43. Pursuant to 28 U.S.C. § 1446(a), the Church Corporation has attached all process, pleadings and orders that have been filed, served or received by the Church Corporation in this action. *See* Exhibit A.

44. In compliance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas, Dauphin County, Pennsylvania, and is being served simultaneously on Plaintiff.

45. In removing this action, the Church Corporation does not intend to waive any rights or defenses to which it is otherwise entitled, and the Church Corporation expressly reserves the right to assert any and all such defenses at a later time.

46. Based on the foregoing, this Court has jurisdiction over this action, and this action is properly removed to this Court.

**WHEREFORE**, the Church Corporation removes this action to this Court and respectfully requests that this Court assume jurisdiction of this matter and take all further steps as

may be required to determine this controversy.

Dated: September 4, 2026

Respectfully submitted,

DUANE MORRIS LLP

By: /s/ Ryan E. Borneman
Leigh Skipper (49239)
Ryan E. Borneman (203540)
Shannon Daniels (324664)
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Telephone: 215. 979.1000
Email: LMSkipper@duanemorris.com
REBorneman@duanemorris.com
SCDaniels@duanemorris.com

*Attorneys for Defendant the Church of Jesus Christ of Latter-day Saints*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2026, I caused the foregoing Notice of Removal to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system and by first class mail to the following:

Nathan E. Werksman
Noah M. Werksman
MERSON LAW PLLC
950 3rd Avenue, Floor 18
New York, NY 10022

_/s/ Ryan E. Borneman_____________
Ryan E. Borneman