# EXHIBIT A

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

DAUPHIN COUNTY County

For Prothonotary Use Only:

Docket No:

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**

- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: Kasey Weiser

Lead Defendant's Name: The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saint

**Are money damages requested?** [x] Yes [ ] No

Dollar Amount Requested: (check one) [ ] within arbitration limits [x] outside arbitration limits

**Is this a *Class Action Suit*?** [ ] Yes [x] No

**Is this an *MDJ Appeal*?** [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: Noah Werksman, Esq.

[ ] **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [x] Other: Sexual Abuse

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

**MERSON LAW, PLLC**

NATHAN E. WERKSMAN, ESQUIRE (Atty. I.D. No. 333568)
NOAH M. WERKSMAN, ESQUIRE (to be admitted *pro hac vice*)
950 3rd Avenue, Floor 18,
New York, NY 10022
T: (212) 603-9100

*Attorneys for Plaintiff*

| | |
|---|---|
| **KASEY WEISER**<br>900 N. Elmer Ave., Apt #716,<br>Sayre, PA 18840<br><br>*Plaintiff,*<br><br>v.<br><br>**THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS**, a Utah corporation<br>50 East North Temple Street,<br>Salt Lake City, UT 84150<br><br>*And*<br><br>**HARRISBURG PENNSYLVANIA STAKE OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS**<br>4788 Union Deposit Road,<br>Harrisburg, PA 17111<br><br>*Defendants.* | **COURT OF COMMON PLEAS**<br>**DAUPHIN COUNTY, PENNSYLVANIA**<br><br>CIVIL DIVISION<br><br>NO. _____________<br><br>**JURY TRIAL DEMANDED** |

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

## NOTICE TO PLEAD

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Dauphin County Lawyer Referral Service
Dauphin County Bar Association
213 North Front Street, Harrisburg, PA 17101
(717) 232-7536

### ADVISO

Le han demandado a used en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Dauphin County Lawyer Referral Service
Dauphin County Bar Association
213 North Front Street, Harrisburg, PA 17101
(717) 232-7536

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

**COMPLAINT**

1. Plaintiff, Kasey Weiser, by and through her attorneys at Merson Law, PLLC, brings this action against Defendants THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS and the HARRISBURG PENNSYLVANIA STAKE OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, and in support thereof avers as follows:

**PARTIES**

2. Plaintiff, Kasey Weiser ("Plaintiff" or "Ms. Weiser"), is an adult individual who was born on March 2, 1999, and who is a citizen of, and currently resides in, the Commonwealth of Pennsylvania.

3. Donald Stalter ("Stalter") was, upon information and belief, an adult individual who at all relevant times held the office of High Priest and served on the Stake High Council of the Harrisburg Pennsylvania Stake, and who resided in or around Harrisburg, Dauphin County, Pennsylvania.

4. Stalter was criminally charged and convicted arising from his sexual abuse of Ms. Weiser, as more fully set forth below. Stalter is not named as a defendant in this action.

5. Defendant, THE CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS ("CPB"), is, upon information and belief, a Utah corporation authorized to do business in the Commonwealth of Pennsylvania, which owns, operates, manages, and/or controls real property and religious operations on behalf of The Church of Jesus Christ of Latter-day Saints ("the Church") nationally, including the meetinghouse identified below.

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

6. Defendant, HARRISBURG PENNSYLVANIA STAKE OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS (the "Stake"), is, upon information and belief, an unincorporated association or other jural entity of the Church responsible for the oversight, administration, and supervision of local congregations ("wards") within its geographic boundaries, including the ward in which Ms. Weiser and her family were members.

7. CPB and the Stake are the only defendants named in this action, and are sometimes referred to collectively herein as "Defendants."

8. At all relevant times, Ms. Weiser and her family were members of a ward of the Church that met at the meetinghouse located at 4788 Union Deposit Road, Harrisburg, Pennsylvania (the "Meetinghouse"), which was, upon information and belief, owned and/or controlled by Defendants.

9. At all relevant times, Stalter was also a member of the same ward and regularly attended religious services, activities, and functions at the Meetinghouse, where he came into contact with Ms. Weiser and her family.

## TIMELINESS OF ACTION

10. Plaintiff incorporates by reference and realleges all of the above paragraphs as though fully set forth herein.

11. This action is timely commenced pursuant to 42 Pa.C.S. § 5533(b)(2), as amended by the Act of November 26, 2019, P.L. 641, No. 87 ("Act 2019-87" or "H.B. 962"). As amended, 42 Pa.C.S. § 5533(b)(2)(i) provides that an individual entitled to bring a civil action arising from childhood sexual abuse who was under eighteen (18) years of age at the time the cause of action accrued shall have a period of thirty-seven (37) years after attaining eighteen (18) years of age in

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

which to commence an action for damages, regardless of whether the individual files a criminal complaint regarding the abuse.

12. Ms. Weiser was born on March 2, 1999, and was approximately six (6) to seven (7) years old at the time of the sexual abuse described herein, which occurred between approximately the summer of 2005 and February 2006. Ms. Weiser attained eighteen (18) years of age on March 2, 2017, and, pursuant to 42 Pa.C.S. § 5533(b)(2)(i), has until March 2, 2054, to commence this action.

13. This Complaint is filed well within the limitations period established by 42 Pa.C.S. § 5533(b)(2)(i), as amended by Act 2019-87, and is therefore timely as to all Defendants.

## STATEMENT OF FACTS

14. Plaintiff incorporates by reference and realleges all of the above paragraphs as though fully set forth herein.

15. Ms. Weiser was born on March 2, 1999.

16. At all relevant times, Ms. Weiser's family were members of a ward of the Church that met at the Meetinghouse located at 4788 Union Deposit Road, Harrisburg, Pennsylvania.

17. Stalter and his family were also members of the same ward.

18. Stalter was, upon information and belief, a High Priest and a member of the Stake High Council for the Harrisburg Pennsylvania Stake — positions of substantial trust, authority, and responsibility within the Church's local governance structure.

19. By virtue of these positions, Stalter was afforded regular access to, and the trust of, Ms. Weiser and her family.

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

20. Beginning in or around the summer of 2005 and continuing until approximately February 2006, while Ms. Weiser was approximately six (6) to seven (7) years old, Stalter sexually abused Ms. Weiser on multiple occasions at Stalter's residence, located at 561 North 66th Street, Harrisburg, Pennsylvania, including by vaginally and anally penetrating Ms. Weiser and forcing Ms. Weiser to perform oral sex on him.

21. The sexual abuse described above was made possible by, and occurred as a direct result of, the access to and trust with Ms. Weiser and her family that Stalter enjoyed by virtue of his position within the Church and the parties' common membership in the ward.

22. In order to ensure Ms. Weiser's continued silence, Stalter on one or more occasions held a loaded firearm to the head of his wife, Donna Stalter, in Ms. Weiser's presence, and threatened to shoot her if Ms. Weiser disclosed the abuse to anyone.

23. Upon information and belief, in the years preceding the abuse of Ms. Weiser, at least four other minors known to Stalter — including his nieces, his nephew, and his step-daughter — separately disclosed to their parents, and to Bishops and Stake Presidents of the Church, that they had been sexually abused by Stalter.

24. Upon information and belief, Defendants and/or their leadership were thereby placed on actual notice of Stalter's dangerous propensities well before the abuse of Ms. Weiser, and no action was taken in response to any of these reports because Church leadership did not believe them.

25. In or around late January or early February 2007, Ms. Weiser's family reported Stalter's abuse of Ms. Weiser to their Bishop and Stake President.

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

26. Upon information and belief, Ms. Weiser's family was advised by Church leadership not to disclose the matter to others in the congregation.

27. Shortly thereafter, in February 2007, Stalter was arrested as a result of Ms. Weiser's disclosure of the abuse.

28. As a result of the ensuing investigation and prosecution by law enforcement in Pennsylvania, Stalter was criminally charged with sexual offenses arising from his abuse of Ms. Weiser and, upon information and belief, was convicted and sentenced to a term of twenty (20) to forty (40) years of incarceration, as reported publicly in or around April 2008.[1]

29. Upon information and belief, the underlying criminal arrest and court records in this matter were sealed due to Ms. Weiser's status as a minor victim at the time of the offense.

30. Upon information and belief, Defendants knew or should have known, prior to and during the abuse of Ms. Weiser, of Stalter's dangerous propensities and/or the risk he posed to children in the congregation, including Ms. Weiser, and failed to take reasonable steps to protect Ms. Weiser and other children from that risk.

31. As a direct and proximate result of the sexual abuse described above, Ms. Weiser has suffered, and continues to suffer, severe and permanent physical, psychological, and emotional injuries.

///

///

---

[1] https://www.pennlive.com/midstate/2008/04/child_molester_gets_20_to_40_y.html

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

## COUNT I – NEGLIGENCE

**As Against All Defendants**

32. Plaintiff incorporates by reference and realleges all of the above paragraphs as though fully set forth herein.

33. Defendants owed Ms. Weiser a duty to exercise reasonable care for her health, safety, and well-being while she was a child member of the congregation under their oversight, supervision, and control, including a duty to protect her from foreseeable harm, such as sexual abuse by adult congregants and leaders.

34. Upon information and belief, Defendants breached this duty by, among other things:

a. failing to adequately supervise interactions between adult congregants, including Stalter, and children in the congregation, including Ms. Weiser;

b. failing to implement and/or enforce adequate policies and procedures to prevent unsupervised, one-on-one contact between adults, including Stalter, and children, including Ms. Weiser, at the Meetinghouse and at Church-sponsored activities;

c. failing to warn Ms. Weiser's family or other congregants of Stalter's propensity to sexually abuse children;

d. failing to properly train leaders, teachers, and volunteers in the recognition, prevention, and reporting of child sexual abuse;

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

e. failing to act and/or adequately respond to reports that Stalter had a propensity to sexually abuse children;

f. failing to act and/or adequately respond to reports that Stalter had sexually abused children;

g. instructing and/or encouraging Ms. Weiser's family not to disclose reports of Stalter's child sex abuse to others, including to the congregation or law enforcement;

h. failing to report the known or suspected sexual abuse of children by Stalter to law enforcement, child protective services, or any other authorities;

i. failing to comply with Defendants' own written policies and/or procedures governing the reporting, investigation, and handling of allegations of child sexual abuse, including those made against Stalter;

j. failing to remove, suspend, discipline, and/or fire Stalter following reports made against him about his sexual abuse of minors;

k. conferring upon Stalter, and permitting him to retain, the offices of High Priest and member of the Stake High Council and other positions of authority in the Church notwithstanding the reports of his child sex abuse;

l. holding Stalter out to Ms. Weiser's family and to the congregation as an individual of good moral character who was safe to be entrusted with children, when Defendants knew or should have known otherwise;

m. concealing from, and failing to disclose to, Ms. Weiser's family and other congregants the prior reports of sexual abuse made against Stalter;

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

n. failing to create and maintain adequate records of complaints of child sexual abuse, and/or failing to communicate such complaints to successor and subordinate Church leaders, including the Bishop and leaders of the ward in which Ms. Weiser and her family were members;

o. failing to establish, publicize, and maintain any reasonable means by which children and their parents could report suspected child sexual abuse and have such reports investigated and acted upon;

p. concealing and/or covering up reports of child sexual abuse made against Stalter;

q. failing to conduct any periodic review or reassessment of the fitness of individuals, including Stalter, who held positions of trust and authority affording them access to children;

r. negligently entrusting Stalter with ecclesiastical authority, responsibility, and access to minor congregants, including Ms. Weiser;

s. failing to provide reasonable supervision, oversight, and security at the Meetinghouse and at Church-sponsored activities and functions;

t. failing to warn, educate, or counsel children, including Ms. Weiser, and parents within the congregation regarding the risk of sexual abuse posed by Stalter;

u. failing to take any reasonable action whatsoever to protect Ms. Weiser and other children in the congregation after Defendants were placed on notice of Stalter's dangerous propensities to sexually abuse minors;

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

v. permitting and/or facilitating relationships between Stalter and the families of minor congregants, including Ms. Weiser's family, when Defendants knew or should have known that such relationships would afford Stalter access to children, including Ms. Weiser, away from Church property and outside of Church-sponsored activities;

w. acting with conscious and reckless disregard for the safety, health, and well-being of the children in the congregation, including Ms. Weiser;

x. other negligent acts and omissions to be identified through discovery.

35. Defendants knew or reasonably should have known that a breach of these duties would expose children in the congregation, including Ms. Weiser, to a foreseeable risk of sexual abuse.

36. As a direct and proximate result of Defendants' negligence, Ms. Weiser was sexually abused by Stalter and suffered the injuries and damages set forth above.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with interest, costs, and such other relief as the Court deems just and appropriate.

///

///

///

///

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

**COUNT II – NEGLIGENT HIRING, RETENTION, AND SUPERVISION**

**As Against All Defendants**

37. Plaintiff incorporates by reference and realleges all of the above paragraphs as though fully set forth herein.

38. Defendants had a duty to exercise reasonable care in the selection, retention, and supervision of individuals, including Stalter, who were given positions of trust and access to children within the congregation.

39. Upon information and belief, Defendants breached this duty by, among other things:

a. failing to conduct adequate background checks on Stalter;

b. failing to adequately monitor Stalter's interactions with children, including Ms. Weiser;

c. failing to remove or restrict Stalter's access to children, including Ms. Weiser, after receiving information indicating he posed a risk to them;

d. failing to conduct any reasonable inquiry into Stalter's fitness, background, and character before hiring, appointing, and/or elevating him to positions of trust and authority within the Church, including the offices of High Priest and member of the Stake High Council;

e. hiring, appointing, and/or elevating Stalter to positions of trust and authority in the Church at a time when Defendants knew or should have known that he posed a risk of sexual harm to children;

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

f. retaining Stalter in positions of trust and authority in the Church after receiving reports that Stalter had sexually abused children;

g. failing to investigate, or to adequately investigate, reports that Stalter had sexually abused children;

h. failing to suspend, discipline, or impose any restriction whatsoever upon Stalter after receiving reports that Stalter had sexually abused children;

i. failing to establish, implement, and enforce policies and procedures governing the vetting, selection, and continued fitness of individuals, including Stalter, placed in positions of trust in the Church with access to children, including Ms. Weiser;

j. failing to train individuals responsible for the selection, appointment, retention, and/or supervision of Church leaders, including Stalter, in the recognition, prevention, and reporting of child sexual abuse;

k. failing to supervise Stalter's ministerial, ecclesiastical, and congregational activities, including his contact with minor congregants, including Ms. Weiser;

l. failing to advise subordinate and successor leaders, including the Bishop and other leaders of the ward in which Ms. Weiser and her family were members, of the reports of child sex abuse made against Stalter, so that they might supervise, monitor, and/or restrict him;

m. failing to create or maintain any record documenting the reports of abuse made against Stalter;

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

n. failing to notify the parents of minor congregants, including Ms. Weiser's parents, that Stalter had been the subject of reports of child sexual abuse;

o. permitting Stalter to have unsupervised access to minor congregants, including Ms. Weiser, at the Meetinghouse and at Church-sponsored functions;

p. permitting Stalter to have unsupervised access to minor congregants, including Ms. Weiser, away from Church property and outside of Church-sponsored functions;

q. other negligent acts and omissions to be identified through discovery.

40. As a direct and proximate result of Defendants' negligent hiring, retention, and/or supervision of Stalter, Ms. Weiser was sexually abused and suffered the injuries and damages set forth above.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendants for compensatory and punitive damages, together with interest, costs, and such other relief as the Court deems just and appropriate.

Respectfully submitted,

**MERSON LAW, PLLC**

NATHAN E. WERKSMAN, ESQUIRE
(Atty. I.D. No. 333568)
NOAH M. WERKSMAN, ESQUIRE (to be admitted *pro hac vice*)
950 3rd Avenue, Floor 18,
New York, NY 10022
T: (212) 603-9100

Dauphin County Prothonotary E-Filed - 31 Jul 2026 11:56:32 AM
Case Number: 2026-CV-05824

**VERIFICATION**

I, KASEY WEISER, hereby verify that I am the Plaintiff in the foregoing action; that the facts set forth in the foregoing Complaint are based upon my personal knowledge and/or information furnished to my counsel and gathered by my counsel in the preparation of this lawsuit; and that the facts set forth therein are true and correct to the best of my knowledge, information, and belief. I understand that false statements made herein are made subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

Dated:

07/28/26

Kasey Weiser (Jul 28, 2026 17:57:05 EDT)

KASEY WEISER