**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Kasey Weiser<br>900 N. Elmer Ave., Apt. #716<br>Sayre, PA 18840<br><br>Plaintiff,<br><br>v.<br><br>The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, a Utah Corporation *et al*.<br><br>Defendants. | Civil Action No. 26-cv-02548 |

**ANSWER TO COMPLAINT**

1. Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole f/k/a The Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-day Saints ("***Church Corporation***" or "***Defendant***"), incorrectly identified as "The Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-day Saints, a Utah Corporation," is the sole Defendant answering the Complaint of Plaintiff Kasey Weiser ("***Plaintiff***"). Although the Complaint names both "The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints" and the "Harrisburg Pennsylvania Stake of the Church of Jesus Christ of Latter-Day Saints" (the "***Stake***") as Defendants, only one legal entity exists—the Church Corporation.[1] Accordingly, the Church Corporation answers the Complaint of Plaintiff as follows:

[1] The Stake is not a separate legal entity from the Church Corporation. It is an ecclesiastical unit of the Church—it is not separately incorporated and has no legal existence apart from the Church Corporation. The Stake is an organizational structure reflecting a group of 5 to 10 local congregations, called wards. It is not registered to do business in Pennsylvania or elsewhere, has no registered agent, and holds no assets of its own. It cannot pay any judgment and does not have insurance. Donations received by local leaders are remitted to the Church Corporation, and the Stake's operations are funded by the Church Corporation. The meetinghouses where Stake members worship, including the building located at 4788 Union Deposit Rd., Harrisburg, PA 17111, are owned by the Church Corporation, not the Stake. Stakes and wards do not create themselves—Church leaders in Salt Lake City create them

**PARTIES**

2. Upon information and belief, Defendant admits that Plaintiff was born on March 2, 1999. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in this Paragraph, which therefore are deemed denied.

3. This Paragraph contains allegations concerning internal ecclesiastical governance, offices, and positions protected by the First Amendment and the church autonomy doctrine to which no response is required. To the extent a response is required, after reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

4. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

5. Admitted in part; denied in part. It is denied that The Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-day Saints is the proper Defendant. The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole f/k/a The Corporation of the Presiding Bishop of the Church of Jesus Christ of the Latter-day Saints is the proper Defendant. The remaining allegations of this Paragraph are admitted.

6. Admitted in part; denied in part. Defendant admits that the Stake is a unit of the Church Corporation in Pennsylvania. It is denied that the Stake is a jural entity. Further responding, to the extent that this Paragraph contains allegations concerning internal ecclesiastical governance,

---

and appoint all local leadership. All policies, procedures, handbooks, lesson materials, and membership records come from and are maintained at Church headquarters in Salt Lake City. In short, the Stake is simply a geographic and administrative subdivision of the Church Corporation, not a distinct entity. Accordingly, the Church Corporation is the only properly named Defendant and files this Answer on its own behalf.

offices, and positions protected by the First Amendment and the church autonomy doctrine, no response is required. To the extent a response is required, Defendant denies the remaining allegations of this Paragraph.

7. This Paragraph is a narrative statement to which no response is required.

8. Admitted in part; denied in part. Defendant admits that a meetinghouse owned and/or controlled by the Church Corporation is located at 4788 Union Deposit Road, Harrisburg, Pennsylvania. To the extent that this Paragraph contains allegations concerning internal ecclesiastical governance, offices, and positions protected by the First Amendment and the church autonomy doctrine, no response is required. To the extent a response is required, Defendant denies the remaining allegations of this Paragraph.

9. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied. Further responding, to the extent that this Paragraph contains allegations concerning internal ecclesiastical governance, offices, and positions protected by the First Amendment and the church autonomy doctrine, no response is required. To the extent a response is required, Defendant denies the remaining allegations of this Paragraph.

## TIMELINESS OF ACTION

10. Defendant incorporates by reference its responses to the preceding Paragraphs.

11. Denied. This Paragraph states legal conclusions to which no response is required.

12. Upon information and belief, Defendant admits that Plaintiff was born on March 2, 1999. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments in this Paragraph, which therefore are deemed denied.

13. Denied. This Paragraph states legal conclusions to which no response is required.

## STATEMENT OF FACTS

14. Defendant incorporates by reference its responses to the preceding Paragraphs.

15. Upon information and belief, admitted.

16. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

17. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

18. This Paragraph contains allegations concerning internal ecclesiastical governance, offices, and positions protected by the First Amendment and the church autonomy doctrine to which no response is required. To the extent a response is required, after reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

19. Denied.

20. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

21. Denied.

22. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

23. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

24. Denied.

25. The allegations of this Paragraph, if true, constitute a confidential, privileged conversation between clergy and penitent. Therefore, the allegations are denied.

26. The allegations of this Paragraph, if true, constitute a confidential, privileged conversation between clergy and penitent. Therefore, the allegations are denied.

27. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

28. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

29. After reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments in this Paragraph, which therefore are deemed denied.

30. Denied.

31. Denied. This Paragraph states legal conclusions to which no response is required.

## COUNT I – NEGLIGENCE
**As Against All Defendants**

32. Defendant incorporates by reference its responses to the preceding Paragraphs.

33. Denied. This Paragraph states legal conclusions to which no response is required.

34. Denied. This Paragraph and its subparts state legal conclusions to which no response is required.

35. Denied. This Paragraph states legal conclusions to which no response is required.

36. Denied. This Paragraph states legal conclusions to which no response is required.

WHEREFORE, Defendant denies that Plaintiff is entitled to recover any of the relief requested in the Complaint from Defendant and demands judgment in its favor on all Counts in Plaintiff's Complaint.

**COUNT II – NEGLIGENT HIRING, RETENTION, AND SUPERVISION**
**As Against All Defendants**

37. Defendant incorporates by reference its responses to the preceding Paragraphs.

38. Denied. This Paragraph states legal conclusions to which no response is required.

39. Denied. This Paragraph and its subparts state legal conclusions to which no response is required.

40. Denied. This Paragraph states legal conclusions to which no response is required.

WHEREFORE, Defendant denies that Plaintiff is entitled to recover any of the relief requested in the Complaint from Defendant and demands judgment in its favor on all Counts in Plaintiff's Complaint.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Without conceding the applicability or constitutionality of any particular limitations period, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose, including 42 Pa. C.S. § 5524 and related provisions. To the extent Plaintiff relies

upon 42 Pa. C.S. § 5533(b)(2), as amended, Defendant expressly reserves all rights to challenge the applicability, constitutionality, and retroactive application of that provision.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of comparative negligence and/or contributory negligence.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that any alleged injuries and damages were caused solely by the criminal acts of a third party for which Defendant cannot be held liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent any alleged injuries and damages were caused solely by the acts or omissions of third parties over whom Defendant had no control and for whose conduct Defendant bears no responsibility.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Defendant did not owe a duty of care or breach a duty of care to Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Defendant had no duty to supervise, monitor, or control the conduct of Donald Stalter as he was not an agent, employee, or servant of Defendant, and Defendant is not vicariously liable for his acts.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Defendant had no actual or constructive notice of any dangerous propensities of Donald Stalter or risk of harm to Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff's alleged injuries were not foreseeable.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged injuries and damages, if any, were caused by superseding, intervening, and/or independent acts or omissions of third parties—including Donald Stalter—that were not foreseeable by Defendant and that sever any alleged chain of causation.

**ELEVENTH AFFIRMATIVE DEFENSE**

No act or omission of Defendant was a legal or proximate cause of Plaintiff's alleged injuries and damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to mitigate any alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by applicable privileges, including the attorney-client privilege, the work-product doctrine, the priest-penitent privilege, the clergy-communicant privilege, and the ecclesiastical privilege recognized under Pennsylvania law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution and Article I, Section 3 of the Pennsylvania Constitution, which protect Defendant's rights to the free exercise of religion and prohibit governmental interference with internal ecclesiastical governance, discipline, doctrine, and decision-making, and includes the ministerial exception and the church autonomy doctrines.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, because the conduct alleged does not rise to the level of egregiousness or wanton and willful misconduct required by applicable law to support an award of punitive damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant was not negligent, grossly negligent, reckless, wanton, malicious, or outrageous.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

At all material times, Defendant acted with due care and in accordance with any and all statutes, standards, regulations, and requirements of applicable law.

**NINETEENTH AFFIRMATIVE DEFENSE**

No action or inaction on the part of Defendant, or its agents, servants, employees and/or representatives acting within the scope of their agency or employment, caused or contributed in any manner to Plaintiff's alleged damages.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses as they may become apparent through discovery.

WHEREFORE, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Claims with prejudice;
2. Enter judgment in favor of Defendant on all claims;
3. Award Defendant its costs and attorney's fees; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: September 10, 2026

Respectfully submitted,

DUANE MORRIS LLP

By: /s/ *Leigh Skipper*
Leigh Skipper (49239)
Ryan E. Borneman (203540)
Shannon Daniels (324664)
30 South 17th Street
Philadelphia, Pennsylvania 19103-4196
Telephone: 215. 979.1000
Email: LMSkipper@duanemorris.com
REBorneman@duanemorris.com
SCDaniels@duanemorris.com

*Attorneys for Defendant the Church of Jesus Christ of Latter-day Saints*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, I caused the foregoing Answer to Complaint with Affirmative Defenses to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system to the following:

Nathan E. Werksman
Noah M. Werksman
MERSON LAW PLLC
950 3rd Avenue, Floor 18
New York, NY 10022

/s/ *Leigh Skipper*________
Leigh Skipper